IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARY CLAIRE STOCKETT                  PLAINTIFF

v.                  No. 3:20-cv-00114-MPM-JMV

YALOBUSHA HEALTH SERVICES,                  DEFENDANTS
THE DRUG STORE,
TERRY VARNER,
ESTATE of TERRY VARNER,
JOHN DOE
ABC CORPS.                  (JURY TRIAL DEMANDED)

## COMPLAINT

When Mary Claire Stockett learned she was pregnant, she was determined to continue her career and fulfill her professional obligations. Unfortunately, medical realities beyond her control rendered Ms. Stockett unable to work as much as she would have liked to. She had to work from home, she had to leave early on occasion, and take some absences. Still, as an experienced pharmacist, Ms. Stockett knew that she could make the situation work by coming into the pharmacy intermittently. However, when Ms. Stockett suggested this strategy to her employer, Yalobusha Health Services, management was displeased. Instead of working with Ms. Stockett during this time, the employer began looking for a way to get rid of her. When Ms. Stockett learned that she would be unable to return to work until she saw a specialist for her medical problems, YHS saw this as an opportunity to terminate her. This is a violation of the Title VII, the Pregnancy Discrimination Act, and the Americans with Disabilities Act. For these

1

reasons, COMES NOW THE PLAINTIFF, by and through counsel, and alleges the following.

## JURISDICTION, VENUE, AND JURY DEMAND

1. This court has jurisdiction under 28 U.S.C. § 1331 because the suit arises under federal law.

2. Venue is proper under 28 U.S.C. § 1391 because the Defendant and all work at issue were located in and around Yalobusha County, Mississippi.

3. A jury trial is demanded on all issues so triable.

## PARTIES

4. Plaintiff Mary Claire Stockett (Ms. Stockett) is an adult resident of Lafayette County, Mississippi.

5. Defendant "Yalobusha Health Services" is an entity providing health services in Yalobusha County, Mississippi.

6. On information and belief, Yalobusha Health Services is a fictional d/b/a for Defendant Terry Varner.

7. Defendant "The Drug Store" is an entity providing pharmacy services in Yalobusha County, Mississippi.

8. On information and belief, The Drug Store is another fictional name under which Defendant Terry Varner was doing business.

9. It is not known with certainty whether Defendant Varner is living or dead, and if he is dead, what person or entity is his successor. In the event Mr. Varner has died and his successor in interest is for whatever reason not already a party to

this matter, this suit also names his estate and any other successor as a defendant.

10. Also out of an abundance of caution, Defendant John Doe is a person or persons unknown who is Ms. Stockett's former employer or joint employer and is covered by Title VII of the Civil Rights Act of 1964 under the statutory definitions found at 42 U.S.C. § 2000e.

11. Also out of an abundance of caution, Defendant ABC Corps is an entity or entities unknown who are Ms. Stockett's former employer or joint employer and are covered by Title VII of the Civil Rights Act of 1964 under the statutory definitions found at 42 U.S.C. § 2000e.

12. John Doe and ABC Corps include any legal successor or estate of her employer.

13. All the aforementioned Defendants are hereinafter referred to collectively as "YHS."

14. YHS is covered by Title VII of the Civil Rights Act of 1964, and is the former employer of Ms. Stockett.

## ADMINISTRATIVE EXHAUSTION

15. Ms. Stockett's employment was terminated on or about February 12, 2019.

16. Ms. Stockett filed a charge of discrimination alleging pregnancy and disability discrimination by YHS on or about June 19, 2019.

17. Ms. Stockett's charge was timely filed within 180 days of the events at issue in this lawsuit.

18. On March 18, 2020, Ms. Stockett requested a right-to-sue letter from the EEOC investigator.

19. Ms. Stockett timely filed this action in court.

20. Ms. Stockett has complied with the timeliness and administrative exhaustion requirements of Title VII and the Americans with Disabilities Act.

## FACTS

21. YHS hired Ms. Stockett as a pharmacist on or around March 26, 2018.

22. Ms. Stockett was designated the "Pharmacist in Charge" (PIC) for YHS's Coffeeville location.

23. On or around November 2, 2018, Ms. Stockett learned she was pregnant and immediately informed YHS.

24. Over the next several weeks, Ms. Stockett began to have medical problems.

25. These medical problems were associated with her pregnancy.

26. These medical problems included severe anxiety and panic attacks.

27. Because of these medical problems, Ms. Stockett had to occasionally leave work early, work from home, or take absences.

28. Ms. Stockett continued to work with YHS during the times she was unable to be at the Coffeeville worksite.

29. Ms. Stockett provided YHS with the name and resume of a pharmacist who could assist YHS while Ms. Stockett was absent.

30. YHS never contacted this pharmacist.

31. On or around January 6, 2019, Ms. Stockett requested of YHS - specifically Devid Graham, who referred her to Defendant Varner - that she be able to work on pharmacy tasks at home, come in intermittently for other duties, and begin working reduced weekly hours.

32. YHS, and Mr. Varner specifically, did not respond to these requests.

33. Ms. Stockett also contacted the Mississippi Board of Pharmacy (Board). She was able to confirm her understanding that PIC's are permitted to perform their duties intermittently when they are unable to work continuously for medical reasons.

34. Ms. Stockett informed YHS of this, and asked if she could perform her duties intermittently so that she could meet her legal responsibilities to the state, but YHS ignored her request.

35. On or around January 10, 2019, YHS's human resources director, Katie Rotenberry (Ms. Rotenberry), informed Ms. Stockett that YHS was working to terminate Ms. Stockett and replace her with a temporary Pharmacist in Charge.

36. Ms. Stockett again explained that she could perform her duties intermittently and informed YHS that state law does not authorize a temporary Pharmacist in Charge.

37. Again, YHS ignored Ms. Stockett's information and her attempts to assist the business.

38. On or around January 18, 2019, Ms. Stockett informed YHS that she had a medical appointment on January 28, 2019, and would inform YHS about her progress at that point.

39. Following Ms. Stockett informing YHS of this appointment, YHS began to repeatedly and persistently contact Ms. Stockett about when she could return to work.

40. Before Ms. Stockett could have this appointment, YHS continued to contact her asking when she could return to work.

41. At the January 28, 2019, appointment, Ms. Stockett learned that she needed to be evaluated by a specialist and could not return to work until that evaluation was completed.

42. On or around January 29, 2019, Ms. Stockett informed Ms. Rotenberry of this development.

43. On or around January 30, 2019, Ms. Rotenberry contacted Ms. Stockett to demand her specialist appointment date by the next business day and tell Ms. Stockett that her job depended on this date.

44. Ms. Stockett responded by explaining that she was doing her best but could not provide a date until the specialist provided her with the date.

45. On or around February 5, 2019, Ms. Stockett informed Ms. Rotenberry that her specialist appointment was scheduled for February 27, 2019.

46. Ms. Rotenberry responded by asking Ms. Stockett to resign as Pharmacist in Charge.

47. On or around February 7, 2019, Ms. Stockett responded by once again explaining that the law allowed her to remain as Pharmacist in Charge and perform her duties intermittently while she was medically absent and again sharing her communications and information from the Board.

48. On February 12, 2019, YHS terminated Ms. Stockett.

## CAUSE OF ACTION

### Count I: Failure to Accommodate

49. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

50. Per the Pregnancy Discrimination Act, employers are required to treat pregnant employees who are temporarily unable to perform their job duties due to pregnancy the same as any other temporarily disabled employee.

51. Per the Americans with Disabilities Act, employers are required to reasonably accommodate the disabling medical conditions of qualified employees.

52. This includes engaging in an interactive process, and making good faith efforts to reasonably accommodate such employees.

53. YHS failed to engage in the interactive process in good faith.

54. Ms. Stockett requested unpaid leave, remote work, and other accommodations.

55. These requests were reasonable and adequate under the circumstances of this case.

56. YHS failed to provide these reasonable accommodations.

57. In so doing YHS violated the law.

58. YHS is liable for these violations and for the remedies described below.

## Count II: Sex/pregnancy discrimination

59. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

60. Employers are prohibited by Title VII of the Civil Rights Act of 1964 from discriminating against Ms. Stockett on the basis of her sex.

61. Per the Pregnancy Discrimination Act, discrimination on the basis of sex includes discrimination because of or on the basis of pregnancy.

62. Such discrimination includes any adverse employment action which is motivated by pregnancy.

63. Motivated by Ms. Stockett's pregnancy, YHS took adverse employment actions including but not limited to termination, and Ms. Stockett was harmed.

64. YHS is liable for these violations and for the remedies described below.

## Count III: Disability discrimination

65. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

66. YHS is prohibited by the Americans with Disabilities Act and the Rehabilitation Act from discriminating against Ms. Stockett on the basis of a disabling medical condition.

67. Such discrimination includes any adverse employment action which is motivated by such medical conditions.

68. Motivated by Ms. Stockett's medical condition(s), YHS took adverse employment actions including but not limited to termination, and Ms. Stockett was harmed.
69. YHS is liable for these violations and for the remedies described below.

## REMEDIES

70. Plaintiff seeks all remedies available, including but not limited to the following:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Consequential damages;

    e. Punitive damages;

    f. Pre-judgment interest;

    g. Post-judgment interest;

    h. Attorney fees;

    i. Costs; and,

    j. Any other relief available under any applicable principle in law or equity.

Respectfully submitted by Plaintiff through counsel, this the 20th day of April, 2020.

> /s/ Joel F. Dillard
> Counsel for Plaintiff
> Joel F. Dillard (MSB No. 104202)
> JOEL F. DILLARD, P.A.
> 775 North Congress Street
> Jackson, Mississippi 39202
> (601) 509-1372
> joel@joeldillard.com